IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| 1. | LORETTA REYNOLDS, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) Case No. 07-cv-00754-JPG-CJP |
| | | ) |
| 1. | CB SPORTS BAR INC., an Illinois corporation, and | ) |
| | | ) |
| 2. | Brenda L. Russell, and | ) |
| | | ) |
| 3. | Casey J. Carson, | ) |
| | | ) |
| | Defendants. | ) |

## AMENDED COMPLAINT

COMES NOW Plaintiff, Loretta Reynolds, and for her causes of action against Defendants, CB SPORTS BAR INC. dba "Jerzey's Sports Bar" (hereinafter sometimes referred to as "Jerzey's"), Brenda L. Russell, and Casey J. Carson; allege and state as follows:

### COUNT 1

### FIRST CAUSE OF ACTION – NEGLIGENCE OF CARSON AND RUSSELL

1. Plaintiff is a resident and citizen of the State of Oklahoma. Plaintiff was a resident and citizen of the State of Oklahoma on or about 26 & 27 October 2005. Defendant CB SPORTS BAR INC. was a corporation incorporated under the laws of the State of Illinois on the date of the subject incident, and at the time of the filing of this Complaint. Defendant CB SPORTS BAR INC., a domestic corporation, is incorporated, or has its principal place of business in the State of Illinois, St. Clair County. The incident which gives rise to this cause of action occurred on or about 27 October 2007 in St. Clair County, State of Illinois. The Plaintiff

alleges injuries and damages in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of costs and interest. This Court has jurisdiction and venue over the parties and the subject causes of action by virtue of diversity of citizenship (28 U.S.C.A. § 1332).

2. Defendant Brenda L. Russell is an individual who, <u>on the date of the incident</u> it is believed, <u>she was a citizen of the State of Illinois and</u> resided at 3 Belle Drive, Apartment # 7A, Fairview Heights, Illinois <u>St. Claire County</u>. Defendant Russell is now believed to <u>be a citizen of the State of Texas and believed to</u> reside in Carlswell Federal Medical Center (U.S. Federal Prison), PO Box 27137, <u>Tarrant County</u> Fort Worth, Texas.

3. Defendant Casey J. Carson is an individual who, <u>on the date of the incident</u> it is believed, <u>he was a citizen of the State of Illinois and</u> resided at 3 Belle Drive, Apartment # 7A, Fairview Heights, Illinois <u>St. Claire County</u>. Defendant Carson is now believed to <u>be a citizen of the State of Illinois and believed to</u> reside in a federal correctional facility somewhere in southern Illinois <u>county of residence is currently unknown</u>.

4. On or about the evening of 26 October 2005 and the early morning of 27 October 2005, prior to 3:50 A.M., Plaintiff, Loretta Reynolds, was a customer at a drinking establishment owned by Defendant CB SPORTS BAR INC. The name of this establishment is "Jerzey's Sports Bar." Jerzey's is located at 950 Talon Drive in the city of O'Fallon in St. Clair County, State of Illinois.

5. After consuming approximately two beers at Jerzey's, Plaintiff attempted to leave but found that her car would not start. She asked the bartender for help in getting a taxicab because her car would not start, but he told her there were no cabs or assistance available and that she would have to get a ride with someone to get to her hotel.

6. Defendants Russell and Carson offered to drive Plaintiff to her hotel.

7. Before leaving Jerzey's, Defendants Russell and Carson provided several drinks to Plaintiff, with the aid of the bartender at Jerzey's, in an attempt to cause plaintiff to comply with their design to lure her to their apartment for sexual exploitation. Plaintiff believes Defendants Russell and Carson may have added a substance to her drinks to cause her to be in a more compliant state.

8. After being served excessive amounts of alcohol by Jerzey's that were purchased by Defendants Russell and Carson, at the direction of the Defendants Russell and Carson, Plaintiff got into the car being used by Defendants Russell and Carson. Plaintiff, subsequent to getting in the car, realized that they were not going to her hotel and learned of Defendants' plans to use her for sex.

9. When Defendants Russell and Carson stopped at a convenience store for cigarettes, Plaintiff Loretta Reynolds was able, despite her profoundly intoxicated condition, to separate herself from Defendants Russell and Carson by leaving their car after both Defendants went into the store.

10. Confused and intoxicated, Plaintiff tried to walk back to her hotel. On her way back to the hotel, Plaintiff was struck by a motorist on or near an entrance ramp to Interstate 64 eastbound near Greenmount Road in O'Fallon, Illinois.

11. Defendants Russell and Carson knew or should have known that Plaintiff would not be able to care for herself while she was under the influence of the alcohol and/or other drugs that they had caused her to ingest.

12. Defendants Russell and Carson knew or should have known that their attempt to involve Plaintiff Loretta Reynolds in their sex scheme would, when appreciated by Plaintiff, cause her to attempt to escape from them.

13. When Defendants Russell and Carson plied Plaintiff Loretta Reynolds with liquor (with the aid of Jerzey's) and/or drugs, they assumed a duty to provide for her welfare because they knew she would not be able to take care of herself.

14. When Defendants Russell and Carson enticed Plaintiff Loretta Reynolds into their car, they undertook a duty to deliver her safely to the destination (her hotel) that they represented to her that they were going.

15. Defendants Russell and Carson breached their duty to provide for the welfare of Plaintiff Loretta Reynolds and to transport her safely when they, wantonly and in disregard for her safety, tried to ensnare her into a sexual situation they reasonably should have known would be revolting and disgusting to Plaintiff.

16. As a result of being struck by the motorist described in paragraph 10 above, Plaintiff Loretta Reynolds sustained serious bodily injuries and damages.

17. Plaintiff, Loretta Reynolds, alleges that the cause of all her bodily injuries and damages is a direct and proximate result of the wanton or negligent acts and/or conduct and/or omissions of Defendants Russell and Carson and of Defendant Jerzey's.

18. As a result of the acts and/or conduct and/or omissions of Defendants Russell and Carson and of Defendant Jerzey's; Plaintiff Loretta Reynolds has sustained permanent, painful and progressive bodily injuries; has received medical care and treatment and has incurred thousands of dollars for necessary and reasonable medical care and treatment in the past, and will most probably incur reasonable medical expenses in amounts of thousands of dollars in the future for necessary and reasonable medical treatment and/or care of injuries sustained in the subject incident; has incurred and will incur loss of income and/or financial resources and/or revenues past and future; has suffered and/or will suffer physical and emotional pain and

suffering; has suffered and/or realized loss of enjoyment of life and will suffer and realize loss of enjoyment of life in the future all to her damage in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of costs and interest.

WHEREFORE, the Plaintiff, Loretta Reynolds, prays for judgment on this Count 1 in favor of the Plaintiff, Loretta Reynolds, and against Defendants Russell and Carson and of Defendant Jerzey's, individually, and/or jointly and severally, for a sum in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of costs and interest, together with the awarding of lawful costs, interest and other relief this Court deems just and proper.

## COUNT 2

### NEGLIGENCE OF DEFENDANT CB SPORTS BAR Inc.

COMES NOW the Plaintiff, Loretta Reynolds, and for this Count 2 against Defendant CB Sports Bar Inc. (hereinafter sometimes "Jerzey's"), individually and/or jointly and severally, herein adopts by reference, material allegations contained in this Complaint and/or the First Count of this Complaint, and realleges and restates, *in toto*, all pertinent facts and/or allegations and further allege and state as follows:

19.     That Defendant Jerzey's at least knew or should have known that Defendants Russell and Carson were getting Plaintiff Loretta Reynolds intoxicated for the purpose of sexual exploitation.  At worst, Defendant Jerzey's and its employ/agent bartender was an active accomplice in the attempt to ensnare Plaintiff Loretta Reynolds into an unsavory and unwelcome sexual situation.

20. That Defendant Jerzey's at least knew or should have known that Plaintiff Loretta Reynolds would have reacted negatively to the sexual situation plotted by Defendants Russell and Carson and would have attempted to escape from them.

21. That Defendant Jerzey's had a duty to protect the welfare of its customers, including Plaintiff Loretta Reynolds from situations such as that being plotted by Defendants Russell and Carson.

22. That as a direct and proximate result of Defendant Jerzey's breach of its duty to Plaintiff Loretta Reynolds, she was injured as is described more fully in Count 1 above.

23. As a result of the acts and/or conduct and/or omissions of Defendants Russell and Carson and of Defendant Jerzey's; Plaintiff Loretta Reynolds has sustained permanent, painful and progressive bodily injuries; has received medical care and treatment and has incurred thousands of dollars for necessary and reasonable medical care and treatment in the past, and will most probably incur reasonable medical expenses in amounts of thousands of dollars in the future for necessary and reasonable medical treatment and/or care of injuries sustained in the subject incident; has incurred and will incur loss of income and/or financial resources and/or revenues past and future; has suffered and/or will suffer physical and emotional pain and suffering; has suffered and/or realized loss of enjoyment of life and will suffer and realize loss of enjoyment of life in the future all to her damage in a sum in excess of Seventy-five Thousand Dollars ($75,000.00) exclusive of costs and interest.

WHEREFORE, the Plaintiff, Loretta Reynolds, prays for judgment on this Count 2 in favor of the Plaintiff, Loretta Reynolds, and against Defendants Russell and Carson and of Defendant Jerzey's, individually, and/or jointly and severally, for a sum in excess of Seventy-

five Thousand Dollars ($75,000.00) exclusive of costs and interest, together with the awarding of lawful costs, interest and other relief this Court deems just and proper.

## COUNT 3

### THIRD CAUSE OF ACTION – PUNITIVE DAMAGES

COMES NOW, Plaintiff, Loretta Reynolds, and for this Third Cause of Action against Defendants Russell and Carson and of Defendant Jerzey's, individually and/or jointly and severally, herein adopts by reference all material allegations contained in this Complaint and/or the First and/or Second Cause of Action and reallege and restate, *in toto*, all pertinent facts and/or allegations and further alleges and states as follows:

24.     That the acts and/or conduct and or omissions of Defendants Russell and Carson and of Defendant Jerzey's in causing said Plaintiff Loretta Reynolds to become intoxicated and to escape from an undesired and degrading sexual situation demonstrates a willful, wanton and/or intentionally negligent and/or grossly negligent and/or reckless conduct for the rights and safety of the public, in general, and the Plaintiff, in particular.  Further, Plaintiff allege that Defendant Jerzey's employee, servant, agent and/or contractor bartender likely violated numerous provisions of Defendant Jerzey's own internal policies and procedures and/or requirements for the operation of a Jerzey's Sports Bar.  Further, that Defendant Jerzey's, by actual or constructive knowledge and/or notice relative to its employee, allowed said conduct and/or acts and/or omissions to occur relative to its employee, servant, agent and/or contractor bartender.  That as a result of Defendants Russell and Carson and of Defendant Jerzey's grossly

negligent and/or willful and/or wanton conduct and/or acts and/or omissions and/or reckless disregard for the rights of Plaintiff, Plaintiff Loretta Reynolds has sustained serious bodily injuries and damages. Plaintiff is entitled to the award of exemplary or punitive damages as against all three of the Defendants. Plaintiff, therefore, prays the Court to award Plaintiff exemplary or punitive damages in favor of the Plaintiff and against Defendants Russell and Carson and of Defendant Jerzey's, individually and/or jointly and severally for a sum in excess of Seventy-five Thousand Dollars ($75,000.00) as punitive damages, exclusive of costs and interest.

WHEREFORE, the Plaintiff, Loretta Reynolds, prays for judgment on this Count 1 in favor of the Plaintiff, Loretta Reynolds, and against Defendants Russell and Carson and of Defendant Jerzey's, individually, and/or jointly and severally, for a sum in excess of Seventy-five Thousand Dollars ($75,000.00) as punitive damages, exclusive of costs and interest, together with the awarding of lawful costs, interest and other relief this Court deems just and proper.

> Respectfully submitted,
> Loretta Reynolds
>
> s/ Thomas J. Steece
> Thomas J. Steece, OBA No. 11531
> Pro Hac Vice
> **LEAD COUNSEL**
> OKLAHOMA LEGAL SERVICES, PLLC
> 6303 N. Portland Ave., Suite 300
> Oklahoma City, OK 73112
> Telephone:   (405) 943-8300
> Facsimile:   (405) 942-2661
> OLS@coxinet.net

In Association with:                    George W. Tinkham, IBA No. 2836149
                                        GEORGE W. TINKHAM and ASSOCIATES
                                        1119 S. 6th Street
                                        Springfield, IL 62073
                                        Telephone:    (217) 523-8300
                                        coolbreeze@att.net
                                        ATTORNEYS FOR PLAINTIFFS

ATTORNEYS' LIEN CLAIMED.  JURY TRIAL DEMANDED.