IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORETTA REYNOLDS, | ) |
|     Plaintiff, | ) ) ) |
| vs. | )   No.   07-754 JPG/CJP ) |
| CB SPORTS BAR, INC., an Illinois corporation, BRENDA L. RUSSELL, and CASEY J. CARSON, | ) ) ) ) |
|     Defendants. | ) ) |

**DEFENDANT C.B. SPORTS BAR, INC.'S MOTION TO DISMISS**

COMES NOW Defendant, C.B. Sports Bar, Inc. d/b/a Jerzey's Sports Bar, by and through its undersigned attorneys, John P. Cunningham and Brown & James, P.C., and moves this Court for a dismissal of Plaintiff's Second Amended Complaint, pursuant to 12(b)(5), 4(m), and 12(b)(6) of the Federal Rules of Civil Procedure, and in support of its motion, states as follows:

    1.    On October 25, 2007, Plaintiff Loretta Reynolds filed a three-count complaint against defendants Brenda L. Russell, Casey Carson, and C.B. Sports Bar, Inc. d/b/a Jerzey's Sports Bar [hereinafter simply "Jerzey's"] regarding injuries plaintiff suffered in a motor vehicle accident.

    2.    Plaintiff alleges that, on October 26 and 27, 2005, she was a customer of Jerzey's Sports Bar, a tavern in O'Fallon, Illinois. Complaint, Count I, ¶ 4. She claims that she attempted to leave the bar after consuming two beers there, but her car would not start, and defendants Russell and Carson offered to drive plaintiff to her hotel. Count I, ¶¶ 5-6. Plaintiff claims that Russell and Carson supplied plaintiff with excessive amounts of alcohol that they purchased from Jerzey's, and the alcohol caused plaintiff to become "profoundly intoxicated."

Count I, ¶¶ 7-9.  Plaintiff alleges that, after entering the co-defendants' car, she realized that Russell and Carson did not intend to take plaintiff back to her hotel, but rather intended to use plaintiff for sex.  Count I, ¶ 8.  Plaintiff claims that she escaped from the car after Russell and Carson stopped at a convenience store, and she attempted to walk back to her hotel, but in so doing, she was struck by a motorist and was injured.  Count I, ¶¶ 9-10.

3. Plaintiff filed a second amended complaint on December 14, 2007.  Aside from the jurisdictional statements, the allegations of the second amended complaint are identical to those in the original complaint.  See generally Second Amended Complaint.

4. Prior to the filing of the Second Amended Complaint, none of the defendants had been served with the complaint, and no summons had been issued.  On January 2, 2008, plaintiff had a summons issued to Jerzey's, directing that the defendant's agent be served at 950 Talon Drive, O'Fallon, Illinois.  See Summons in a Civil Action, dated 1/2/2008.  This summons was not served.  On February 14, 2008, plaintiff re-issued a summons to Jerzey's, directing that the summons be served on the defendant's agent, Christian Biancur, at an alternate address.  See Summons in a Civil Action, dated 2/14/2008.  Biancur was served with the summons and complaint on June 10, 2008.  See Summons and Return of Service.  Service was made on Biancur at Jerzey's place of business.  Id.

5. Jerzey's place of business is located at 950 Talon Drive, O'Fallon, Illinois.  See Affidavit of Christian Biancur, attached hereto as Exhibit A.

6. During January and February 2008, Christian Biancur was at Jerzey's place of business on a regular basis.  Exhibit A, ¶¶ 5-6.  Furthermore, Jerzey's was open for business on a regular basis throughout January and February 2008, and a manager of Jerzey's was present each night the bar was open.  Exhibit A, ¶¶ 7-8.

7. Christian Biancur did not make any attempts to avoid service of process. Exhibit A, ¶ 10.

8. Fed R. Civ. P. 4(m) provides as follows:

"**Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if a plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

9. The 120-day clock under Rule 4(m) begins with the filing of the original complaint; the filing of an amended complaint does not extend the 120-day deadline, except to those defendants newly added in the amended complaint. Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006), citing Del Raine v. Carlson, 826 F.2d 698, 705 (7th Cir. 1987). Jerzey's was named as a defendant in plaintiff's original complaint, and thus plaintiff was required to serve this defendant within 120 days of October 25, 2007, the filing date of the original complaint.

10. Half-hearted efforts to serve a defendant will not excuse a plaintiff from adhering to the 120-day deadline. Geiger v. Allen, 850 F.2d 330, 333 (7th Cir. 1988). Furthermore, "counsel's inadvertent failure to serve a defendant within the statutory period does not constitute good cause." Id.

11. Plaintiff does not have good cause for extending the 120-day deadline, because Biancur could easily have been found at Jerzey's place of business throughout January and February 2008, but service was not achieved until June 10, 2008.

12. Therefore, since plaintiff failed to comply with Rule 4(m) and does not have "good cause" for such failure, the Second Amended Complaint should be dismissed as to

3

defendant C.B. Sports Bar, Inc. d/b/a Jerzey's, for insufficient service of process, Fed R. Civ. P. 12(b)(5).

13. Even if this Court declines to dismiss the Second Amended Complaint on the grounds of the insufficiency of service of process, the complaint should still be dismissed, as to defendant Jerzey's, on the grounds that plaintiff fails to state a claim upon which relief can be granted. Fed R. Civ. P. 12(b)(6).

14. The only acts or omissions alleged against Jerzey's are the defendant's alleged service of alcohol to the plaintiff. However, Illinois law does not recognize a common law cause of action for injuries arising out of the sale or gift of alcoholic beverages. Charles v. Siegfried, 651 N.E.2d 154, 157 (Ill. 1995).

15. The only remedy an aggrieved party has against the server of alcoholic beverages for injuries resulting from the gift or sale of alcohol lies under Section 6-21 of the Liquor Control Act, commonly known as the "Dramshop Act." 735 ILCS 5/6-21; Charles, 651 N.E.2d at 157-58. However, plaintiff is prohibited from making a claim under the Act, because the suit was not filed with one year, as required by the Act, and the plaintiff is basing her claim on her own alleged intoxication, which is prohibited under the Act. 235 ILCS 5/6-21(a).

16. Plaintiff may attempt to argue that Count III of the Second Amended Complaint states a claim against Jerzey's in that it alleges the defendant violated its own internal policies or procedures. Second Amended Complaint, Count III, ¶ 24.

17. Count III should be dismissed based solely on the fact that it constitutes an independent claim for punitive damages, which is prohibited under Illinois law. Kemner v. Monsanto Co., 576 N.E.2d 1146, 1153 (Ill. App. 5th Dist. 1991).

4

18. Furthermore, the allegations within Count III fail to state a claim because they do not specify what particular polices or procedures the defendant is being accused of violating. Defendant is unable to adequately prepare a defense to the allegations that it violated its own policies or procedures, without notice as to what those policies or procedures are alleged to be.

19. Even if the plaintiff were to allege specific policies or procedures that Jerzey's is alleged to have violated, the complaint would still fail to state a cause of action under Illinois law, because the failure of a party to follow its own internal policies is not, in and of itself, grounds for a claim of negligence. Rhodes v. Illinois Cent. Gulf R.R., 665 N.E.2d 1260, 1272 (Ill. 1996).

20. Therefore, is it clear that the plaintiff's Second Amended Complaint fails to state a cause of action against Jerzey's under Illinois law, and therefore all claims directed against Jerzey's should be dismissed.

21. Defendant attaches hereto and incorporates by reference its Memorandum of Law in Support of its Motion to Dismiss.

WHEREFORE, for the reasons stated above, Defendant C.B. Sports Bar, Inc. prays that this Honorable Court dismiss with prejudice Count II of Plaintiff's Second Amended Complaint in its entirety, and dismiss with prejudice Counts I and III of said complaint to the extent that they seek recovery from C.B. Sports Bar, Inc., and for such other and further relief the Court deems just and proper.

      /s/ John P. Cunningham  
John P. Cunningham    #6193598  
BROWN & JAMES, P.C.  
Attorneys for Defendant CB Sports Bar, Inc.  
Richland Plaza I  
525 West Main, Suite 200  
Belleville, Illinois 62220-1502  
618/235-5590; 618/235-5591 (Fax)  
jcunningham@bjpc.com

**AFFIDAVIT OF SERVICE**

I, the undersigned, on the 30th day of June, 2008, electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:

Thomas J. Steece  
Oklahoma Legal Services, PLLC  
6303 N. Portland Ave., Suite 300  
Oklahoma City, OK 73112

George W. Tinkham  
George W. Tinkham and Associates  
1119 S. 6th Street  
Springfield, IL 62073

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

      /s/ John P. Cunningham

8291172