IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LORETTA REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07-754 JPG/CJP |
| | ) | |
| CB SPORTS BAR, INC., an Illinois | ) | |
| corporation, BRENDA L. RUSSELL, and | ) | |
| CASEY J. CARSON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT C.B. SPORTS BAR, INC.'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant, C.B. Sports Bar, Inc., by and through its undersigned attorneys, John P. Cunningham and Brown & James, P.C., and for its Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, states as follows:

**1. Jerzey's agent Christian Biancur did not evade service of process, and in any event, "service" by certified mail is improper.**

There is no evidence whatsoever that Jerzey's agent, Christian Biancur, was evading service. The plaintiff's Exhibit B shows that one attempt was made at leaving certified mail at Jerzey's on January 10, 2008, at 12:28 p.m. In support of her allegation that subsequent attempts were made at the same address, plaintiff points only to some stray notations made on an envelope attached as Exhibit C to her response. There is no evidence, through affidavit or otherwise, indicating who made these notations, when they were made, or what they signify. Nor is there any evidence as to what time of day these alleged subsequent attempts were made. Therefore, exhibits B and C of plaintiff's response do not establish, or even imply, that Biancur was evading service.

Plaintiff makes the outrageous allegation that her failed attempts to serve Biancur at 106 Autumn Pine #6, Fairview Heights, Illinois, show that Biancur was evading service. However, Biancur did not live at 106 Autumn Pine at any point during 2008. See Affidavit of Christian Biancur, attached as Exhibit A to Defendant's Motion to Dismiss, ¶ 9. Surely, Biancur cannot be guilty of evading service by failing to accept mail at a place where he did not reside.

Even if the mailed summons and complaint had been received by Biancur, this would not have constituted good service under Fed. R. Civ. P. 4. Rule 4(h) requires that service upon a corporate defendant be made "by delivering a copy of the summons and of the complaint" to the corporation's authorized agent. In construing Rule 4, courts equate "delivery" of a complaint with personal service. Whale v. United States, 792 F.2d 951, 953 (9th Cir. 1986). Therefore, forwarding the summons and complaint to a corporation by registered or certified mail is not good service under Rule 4(h). Balisteri v. The Richard E. Jacobs Group, Inc., 221 F.R.D. 602, 604 (E.D. Wis. 2004); Mettle v. First Union National Bank, 279 F.Supp.2d 598, 602 (D. N.J. 2003); Richardson v. Downing, 209 F.R.D. 283, 284 (D. Mass. 2002). Furthermore, service by certified mail on a corporation also is ineffective under Illinois state court rules. 735 ILCS 5/2-204 (requiring that service must be made by "leaving a copy of the process" with the corporation's agent); 735 ILCS 5/2-202 (requiring that service be made by a sheriff, coroner, or licensed private detective).

In short, there is no evidence that Biancur attempted to evade service by failing to receive certified mail, and in any event, certified mail is not an authorized method of service on a corporation under federal or state court rules. Plaintiff bears the burden of proving she has "good cause" for failing to obtain timely service. Bachenski v. Malnati, 11 F.3d 1371, 1376 (7th Cir. 1993). Since Biancur's alleged evasion of service is the only "cause" plaintiff offers for

failing to obtain timely service on the defendant, the complaint should be dismissed, as to defendant C.B. Sports Bar, Inc., in accordance with Rule 4(m) and Rule 12(b)(5).

**2. Jerzey's had no duty to protect plaintiff from an unforeseeable danger.**

Having conceded that Jerzey's cannot be civilly liable to plaintiff for its service of alcohol to plaintiff, the plaintiff now rests her entire negligence claim against Jerzey's upon a single factual allegation – that a Jerzey's employee failed to secure transportation for plaintiff after plaintiff's car broke down. Plaintiff raised this allegation offhandedly in her Second Amended Complaint, but did not plead it as a basis for liability against Jerzey's. Plaintiff now argues that, from this allegation alone, liability should attach to defendant for plaintiff's independent decision to hitch a ride with two sex offenders, and her subsequent decision to escape from these people by fleeing into traffic. Plaintiff's argument fails for several reasons.

First, plaintiff points to no authority holding that a tavern owner has a duty to arrange transportation for its patrons or to ensure that its patrons get home safely. A tavern owner is not the insurer of its patrons' safety. Sameer v. Butt, 796 N.E.2d 1063, 1072, 343 Ill.App.3d 78, 90 (1st Dist. 2003). Absent the breach of a legally recognized duty on behalf of a tavern owner, the owner cannot be held liable for injuries suffered by its patrons.

Second, the cases plaintiff cites in support of her argument that defendant owed a duty to plaintiff are distinguishable on the grounds that the injuries alleged in those cases occurred on the defendant's premises. In contrast, the plaintiff in this case does not allege that the accident in question occurred anywhere near Jerzey's. Under Illinois law, a tavern owner is not liable for injuries occurring away from the premises it controls. In Lewis v. Razzberries, Inc., 584 N.E.2d 437, 222 Ill.App.3d 843 (1st Dist. 1991), the court held that a defendant bar owner did not owe the plaintiff a duty of care for fatal injuries that occurred 23 feet beyond the boundaries of the

bar's property. The court stated: "From the time plaintiff's decedent left defendant's legal boundaries, she was no longer owed a duty of care as a business invitee." Id., 584 N.E.2d at 441. See also Badillo v. DeVivo, 515 N.E.2d 681, 161 Ill.App.3d 596 (1st Dist. 1987) (bar owner had no duty to protect patron from a fight that occurred a half block away from bar's premises); St. Phillips v. O'Donnell, 484 N.E.2d 1209, 137 Ill.App.3d 639 (2d Dist. 1985) (bar owner had no duty to protect patrons from a criminal attack that occurred in an adjoining parking lot that was not part of the bar's property).

Finally, the Illinois Supreme Court cases cited by the plaintiff, Hills v. Bridgeview Little League Ass'n, 745 N.E.2d 1166, 195 Ill.2d 210 (2000), and Rowe v. State Bank of Lombard, 531 N.E.2d 1358, 125 Ill.2d 203 (1988), held that, for liability to attach to a business owner for injuries caused by criminal activities of third parties, the criminal activity must be "reasonably foreseeable" from the standpoint of the defendant. "The existence of a special relationship does not, by itself, impose a duty upon the possessor of land to protect lawful entrants from the criminal acts of third parties. Before a duty to protect will be imposed it must also be shown that the criminal attack was reasonably foreseeable." Hills, 745 N.E.2d at 1187, citing Rowe, 531 N.E.2d at 1364. In addition, "[w]hether a duty exists depends on a consideration of the likelihood of injury, the magnitude of the burden to guard against it, and the consequences of placing that burden upon the defendant." Rowe, 531 N.E.2d at 1370.

In this case, the plaintiff has not alleged any facts that would establish that her alleged kidnapping and resulting injury were even *remotely* foreseeable from Jerzey's standpoint. There are no allegations that Jerzey's had any prior notice of the criminal propensities of the co-defendants, much less what their specific plans were as to the plaintiff. There is no allegation that Jerzey's employees specifically directed plaintiff to seek the care of the co-defendants, or

led plaintiff to believe that she could entrust her care to the co-defendants. There is no allegation of any prior, similar incident involving Jerzey's patrons or involving the co-defendants that would have put Jerzey's on notice that the events plaintiff alleged were likely to occur. Simply put, the injuries alleged by plaintiff were not "reasonably foreseeable" from the standpoint of Jerzey's, and thus Jerzey's had no duty under Illinois law to protect her from said injuries.

Furthermore, the "magnitude of the burden" on a defendant to guard against injuries alleged by the plaintiff would be substantial. If plaintiff's theory of liability is accepted, bar owners essentially would have to perform criminal background checks on all their patrons and ensure that none of the "innocent" patrons accept rides with any of the criminally inclined patrons. Plaintiff supposedly would also impose a burden on the defendant to ensure that all of its patrons avoided injury after leaving the premises and arrived home safely. Such a duty would be tantamount to requiring that the bar owner act as an insurer of its patrons' safety.

In conclusion, then, plaintiff's complaint fails to state a claim upon which relief can be granted, and should be dismissed, as to C.B. Sports Bar, Inc., in accordance with Rule 12(b)(6).

WHEREFORE, for the reasons stated above, and for those reasons stated in its previously filed Motion to Dismiss and supporting memorandum, Defendant C.B. Sports Bar, Inc. prays this Honorable Court for a dismissal with prejudice of all claims against this defendant.

/s/ John P. Cunningham

John P. Cunningham #6193598
BROWN & JAMES, P.C.
Attorneys for Defendant CB Sports Bar, Inc.
Richland Plaza I
525 West Main, Suite 200
Belleville, Illinois 62220-1502
618/235-5590; 618/235-5591 (Fax)

**AFFIDAVIT OF SERVICE**

I, the undersigned, on the 31st day of July, 2008, electronically filed this document with the United States District Court, Southern District of Illinois which will send electronic notification to each of the following:

Mr. Thomas J. Steece
Oklahoma Legal Services, PLLC
6303 N. Portland Ave., Suite 300
Oklahoma City, OK 73112

Mr. George W. Tinkham
George W. Tinkham and Associates
1119 S. 6th Street
Springfield, IL 62073

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ John P. Cunningham

8306531