IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORETTA REYNOLDS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CB SPORTS BAR, INC., an Illinois )<br>corporation, BRENDA L. RUSSELL, and )<br>CASEY J. CARSON, )<br>)<br>Defendants. ) | No.   07-cv-754 JPG-CJP |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter comes before the Court for case management purposes. Loretta Reynolds filed this action in October 2007 and served defendants Brenda L. Russell and Casey J. Carson in February 2008. Those defendants did not respond in a timely manner, Reynolds requested entry of default, and on December 2, 2008, the Clerk of Court entered default against those defendants. However, Reynolds has not moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

The Court hereby **ORDERS** the plaintiff to **SHOW CAUSE** on or before September 8, 2009, why the plaintiff's claims against defendants Russell and Carson should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). Failure to respond in a timely manner to this order may result in dismissal of the remaining claims in this action. The plaintiff's filing of a proper motion for default judgment shall be a satisfactory response to this order to show cause.

The Court notes that it has jurisdiction to enter this order and continue with proceedings regarding the remaining claims in this case despite a notice of appeal (Doc. 34) filed by

Reynolds. Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However, a deficient notice of appeal does not divest the district court of jurisdiction. *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350 (Fed. Cir. 2008). Where it is clear to the district court that a notice of appeal is deficient because it is untimely, lacks essential recitals, or seeks review of a non-appealable order, the district court may disregard the notice of appeal. *Id.* (citing *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (*en banc*)).

Reynolds has filed a notice of appeal of a non-appealable order. The order from which she appeals is a ruling granting a motion to dismiss claims against one defendant in this case; it does not dispose of the claims against the two remaining defendants. It is therefore not a final decision under 28 U.S.C. § 1291. Nor is it an appealable interlocutory order relating to an injunction, receivership or admiralty, *see* 28 U.S.C. § 1292(a), or an order that has been certified as containing a controlling question under 28 U.S.C. § 1292(b) or as being subject to no just reason for dely under Federal Rule of Civil Procedure 54(b). Thus, Reynolds's notice of appeal was deficient and did not deprive this Court of jurisdiction to continue proceedings in this case.

**IT IS SO ORDERED.**
**DATED:  August 26, 2009**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**