IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORETTA REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.   07-cv-754 JPG-CJP |
| | ) |
| CB SPORTS BAR, INC., an Illinois | ) |
| corporation, BRENDA L. RUSSELL, and | ) |
| CASEY J. CARSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Casey J. Carson's "Motion to Stay Judgment" (Doc. 66). The Court construes the motion as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b) because it is a substantive motion attacking the judgment made more than 28 days after entry of judgment. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (same).

On October 15, 2009, the Court entered default judgment against Carson in the amount of $1.5 million after holding a hearing on the appropriate amount of the judgment. At that hearing, plaintiff Loretta Reynolds testified about the events leading to her being struck by a car and injured. On November 9, 2009, Reynolds appealed the Court's judgment, which had also dismissed without prejudice her claims against CB Sports Bar, Inc. The appeal is still pending. Carson's current motion challenges Reynolds' credibility when she testified at the damages hearing.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of

law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Carson's arguments should have and could have been raised before the Court entered judgment in this case. The Court therefore **DENIES** Carson's Rule 60(b) motion (Doc. 66). The Court further notes it has jurisdiction to enter this order despite the pending appeal. A district court does not have jurisdiction to grant a Rule 60(b) motion filed while the case is on appeal. *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999). It does, however, have jurisdiction to deny such a motion, and should do so expeditiously if the motion appears to be without merit. *Id.* The Court **DIRECTS** the Clerk of Court to send this order to the Court of Appeals.

**IT IS SO ORDERED.**
**DATED:  March 15, 2010**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**